UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| HOLLEY PERFORMANCE PRODUCTS INC., <br><br> Plaintiff, <br> v. <br><br> ACES FUEL INJECTION, INC., <br><br> Defendant. | Case No. 1:26-cv-59 |

**COMPLAINT FOR PATENT AND COPYRIGHT INFRINGEMENT
AND DEMAND FOR JURY TRIAL**

Plaintiff, Holley Performance Products Inc., (hereinafter "Plaintiff" or "Holley") by and through its undersigned counsel, for its Complaint herein allege as follows.

## I.  NATURE OF THE ACTION

1. Holley is a leader in the design, manufacturing, and sale of high-performance automotive products, including electronic fuel injection (EFI) systems. Through sustained innovation and significant investment in engineering and development, Holley has built a reputation for delivering reliable, high-performance products trusted by OEMs globally. Holley has devoted significant time, capital, and resources in developing, protecting, and commercializing its fuel injection technology. This technology and design forms a core component of its product offerings and provides significant performance and integration advantages over other fuel delivery systems. As a result of these efforts, Holley maintains an extensive IP portfolio including numerous patents directed to fuel injection devices, such as U.S. Patent Nos. 9.845,740;

10,012,197; 10,094,353; 10,294,902; 10,570,866; 10,830,195; 10,859,004; 11,220,984; 11,225,916; 11,118,515; 11,333,083; 11,409,894; and 12,203,434, as well as other pending applications.

2. Holley also develops and distributes detailed product manuals, installation guides, and other technical documentation for its EFI systems and related products. These manuals, guides, and technical documents include detailed instructions, diagrams, specifications, troubleshooting guidance, and other information designed to assist consumers in the proper installation, operation, and maintenance of Holley products. Holley has invested substantial time, effort, and resources in creating and maintaining these materials. As a result of these efforts, these materials constitute valuable intellectual property owned exclusively by Holley and are protected under the Copyright Act, 17 U.S.C. § 101. These materials, among others, include Holley's TERMINATOR X and TERMINATOR X MAX MPFI Fuel Injection System Installation & Tuning Manual (hereinafter, the "Holley Manual"). Holley owns a valid and subsisting copyright registration for the Holley Manual issued by the United States Copyright Office, including, U.S. Copyright Registration No. TX 9-500-485. Holley holds the exclusive rights to reproduce, distribute, display, and prepare derivative works based on this copyrighted material.

3. Defendant, Aces Fuel Injection, Inc., (hereinafter "Defendant" or "Aces"), without authorization and with knowledge of Holley's prior rights, has been and continues to willfully violate the known patent rights of Holley in its manufacture and sale of electronic fuel injection products.

4. Aces has also, without authorization, created, reproduced, and/or publicly distributed a manual titled The JOKER Installation and Tuning Manual (hereinafter, the "Infringing Manual") in connection with its fuel injection products. Upon information and belief,

the Infringing Manual is substantially similar to the Holley Manual and reproduced protected content, including but not limited to its technical descriptions, instructions, and other expressive elements.

5. As set forth in detail below, this action for patent and copyright infringement stems from Aces' unauthorized and unlicensed practice of claims of the Patents-in-Suit, as well as its unauthorized use of the copyrighted Holley Manual. Upon information and belief, Aces has infringed and continues to infringe the Patents-in-Suit through at least the making, using, offering for sale, and/or selling within the United States as well as importing into the United States its electronic fuel injection products. Aces has further infringed Holley's copyright by creating, reproducing, and/or publicly distributing the Infringing Manual. Holley has suffered irreparable damage as a result of Aces' infringement and will continue to suffer such damages as long as those infringing activities continue.

## II. PARTIES

6. Plaintiff, Holley Performance Products Inc., (hereinafter "Plaintiff" or "Holley") is a corporation organized and existing under the laws of the State of Delaware and maintains a principal place of business at 1A Burton Hills, Nashville, TN 37215.

7. Upon information and belief, Defendant, Aces Fuel Injection, Inc., (hereinafter "Defendant" or "Aces") is a corporation organized and existing under the laws of the State of Tennessee with its headquarters at 1215 Latta St, Chattanooga, TN 37406.

## III. JURISDICTION AND VENUE

8. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code.

9. The subject matter jurisdiction for this Court is founded upon 28 U.S.C. § 1338 (patents) and 28 U.S.C. § 1331 (federal question).

10. Upon information and belief, Aces is subject to this Court's jurisdiction because Aces continuously engages in substantial sales and other business transactions in this district. Aces has sold infringing products, imported infringing products and/or committed infringing acts in this district. Furthermore, Aces' principal place of business is located in Chattanooga which is located in the Eastern District of Tennessee. The United States District Court for the Eastern District of Tennessee therefore has *in personam* jurisdiction over Aces.

11. Venue is proper in this district pursuant to 28 U.S.C. §1400(b).

## IV. BACKGROUND INFORMATION

12. Holley is a leader in the design, manufacturing, and sale of high-performance automotive products, including electronic fuel injection (EFI) systems. Holley sells several EFI systems, examples of which are shown below.



13. Holley seeks to protect its innovation in these EFI systems by obtaining patents for its novel and non-obvious advances in the art.

14. Holley also develops and distributes detailed installation manuals, tuning guides, and technical documentation for its EFI systems. These materials include original instructions, diagrams, specifications, and technical explanations created by Holley to assist users in installing, configuring, and operating its products. As a result of these efforts, Holley owns valuable copyrighted works associated with its EFI systems, including the Holley Manual, which is registered with the United States Copyright Office as U.S. Copyright Registration No. TX 9-500-485 as well as other copy registrations.

15. Aces Infringing Manual reproduces and closely mirrors numerous elements of the Holley Manual, including its structure, organization, and technical content. A representative comparison highlighting similarities between the Holley Manual and the Infringing Manual is provided in the chart below.

| Holley Manual | Infringing Manual |
|---|---|
| **Oxygen Sensor Installation**<br><br>"The oxygen sensor should be mounted at a point where it can read a good average of all the cylinders on one bank. This would be slightly after all the cylinders merge. Do NOT mount the sensor far back in the exhaust as this will negatively impact closed loop operation response. If you have long tube headers, mount the sensor approximately 1-10" after the collector. You must have no less than 18 – 24" of exhaust pipe after the sensor." (page 5) | **Oxygen Sensor Installation**<br><br>"The oxygen sensor should be mounted at a point where it can read a good average of exhaust from all the cylinders on each bank. This would be slightly after each bank of cylinders merge. Do NOT mount the sensor far back in the exhaust as this will negatively impact closed loop operation response. If you have long tube headers, mount the sensor approximately 1-10" after the collector. You must have no less than 18–24" of exhaust pipe after the sensor." (page 6) |
| **Oxygen Sensor Mounting Procedure**<br><br>"Someone with experience in welding exhaust systems should install the oxygen sensor boss. Any competent exhaust shop will be able to perform this task at a minimum cost. (Note: If you weld on the car, make sure all wiring to the ECU is disconnected, and its best to remove | **Oxygen Sensor Mounting Procedure**<br><br>"Someone with experience in welding exhaust systems should install the oxygen sensor bung. Any competent exhaust shop will be able to perform this task at a minimum cost. (Note: If you weld on the car, make sure all wiring to the ECU is disconnected, and it's best to remove |

| | |
|---|---|
| the ECU from the vehicle when welding)." (page 6) | the ECU from the vehicle when welding)." (page 6) |
| **Oxygen Sensor Mounting Procedure**<br><br>"Drill a 7/8" hole in the location picked for the sensor. Weld the threaded boss into the 7/8" hole. Weld all the way around the boss to insure a leak proof connection. Install the oxygen sensor into the threaded boss and tighten securely. It is a good idea to add anti-seize to the threads to aid in removal. Do not get any anti-seize on the tip of the sensor.<br><br>On vehicles equipped with an AIR pump, the oxygen sensor must be mounted before the AIR injection into the exhaust, or the AIR pump must be disconnected. Holley recommends that if the AIR is injected into both exhaust manifolds, mount the oxygen sensor into the pipe immediately after the exhaust manifold. Disconnect the AIR pump tube from the exhaust manifold and plug both ends. Check with local ordinances for the legality of this procedure in your area." (page 6) | **Oxygen Sensor Mounting Procedure**<br><br>"Drill a 7/8"hole in the location picked for the sensor. Weld the threaded bung into the 7/8"hole. Weld all the way around the boss to insure a leak-proof connection. Once the bung and exhaust pipe are completely cooled, install the oxygen sensor into the threaded bung and tighten securely. It is a good idea to add appropriate type anti-seize for exhaust pipe material to the threads to aid in removal. Do not get any anti-seize on the tip of the sensor.<br><br>On vehicles equipped with an air pump, the oxygen sensor must be mounted before the air injection into the exhaust, or the air pump must be disconnected. Aces recommends that if the air is injected into both exhaust manifolds, mount the oxygen sensor into the pipe immediately after the exhaust manifold. Disconnect the air pump tube from the exhaust manifold and plug both ends. Check with local ordinances for the legality of this procedure in your area." (page 7) |
| **Important Wiring "Do's and Don'ts"**<br><br>An EFI system depends heavily on being supplied a clean and constant voltage source. The grounds of an electrical system are just as important as the power side.<br><br>TERMINATOR X™ ECU's contain multiple processing devices that require clean power and ground sources. The wiring harnesses for them must be installed in such a manner that they are separated from "dirty" power and ground sources.<br><br>DO'S<br>• Install the main power and ground directly to the battery. *To the* | **Wiring**<br><br>An EFI system relies heavily on being supplied with a clean and constant voltage source. The grounds of an electrical system are just as important as the power side.<br><br>The Joker™ ECU's contain multiple processing devices that require clean power and ground sources. The wiring harnesses must be installed in such a manner that it is separated from "dirty" power and ground sources. |

| | |
|---|---|
| POSTS/TERMINALS, *not to any other place!* <br> • Keep sensor wiring away from high voltage or "noisy/dirty" components and wiring, especially secondary ignition wiring (plug wires), ignition boxes and associated wiring. It is best that the plug wires not physically contact any EFI wires. <br> • Properly crimp or crimp and solder any wire connections. Apply quality heat shrink over any of these connections. <br> • It is critical that the engine has a proper ground connection to the battery and chassis. <br><br> DON'TS <br> • NEVER run high voltage or "noisy/dirty" wires in parallel (bundle/loom together) with any EFI sensor wiring. If wires need to cross, try to do so at an angle. <br> • Do not use the electric fan outputs to directly power a fan. They must only trigger a relay. <br> • Do not use improper crimping tools. <br> • Don't use things like "t-taps", etc. Use proper crimpers/solder and heat shrink. <br> • It is never recommended to splice/share signal wires (such as TPS, etc.) between different electronic control units (i.e. "piggyback"). <br> • Do not connect the red/white switched +12V wire to "dirty" sources, such as the ignition coil, audio systems, or 12V sources connected to HID head lamps." <br><br> (pages 6-7) | Install the main power and ground directly to the battery POSTS/TERMINALS, not to any other place! <br><br> Keep sensor wiring away from high-voltage or "noisy/dirty" components and wiring, especially secondary ignition wiring (plug wires), ignition boxes, and associated wiring. It is best that the plug wires not physically contact any EFI wires. <br><br> Properly crimp and solder any wire connections. Apply quality heat shrink over any of these connections. <br><br> It is critical that the engine has a proper ground connection to the battery and chassis. <br><br> NEVER run high-voltage or "noisy/dirty" wires in parallel (bundle/loom together) with any EFI sensor wiring. If wires need to cross, try to do so at as close to a 90-degree angle as possible. <br><br> Do not use the electric fan outputs to directly power a fan. They must only trigger a relay. The fuel pump output lead can be used to power the fuel pump, but it is recommended to use the output as a trigger wire for a relay. <br><br> Do not use improper crimping tools. <br><br> Do not use connectors like "t-taps", etc. Use proper crimpers/solder and heat shrink. <br><br> It is never recommended to splice/share signal wires (such as TPS, etc.) between different electronic control units (i.e., "piggyback"). <br><br> Do not connect the red switched +12V wire to "dirty" sources, such as the ignition coil, audio systems, or 12V sources connected to HID head lamps." (page 13) |

| Handheld Connections – (CAN1) | Handheld |
|---|---|
| "The handheld controller is used to create an initial calibration for the system, allows for simple tuning changes to be performed, and is also used to view various information of the EFI system. It should be installed such that the handheld controller can be easily used in the passenger compartment. The handheld plugs directly into the main harness at either connector labeled "CAN". This connector is located approximately 21 inches from the ECU connector. The handheld does not have to remain in the vehicle or utilized after the vehicle is set up and running properly." (page 12) | "The handheld controller is used to create an initial calibration for the system, allows for simple tuning changes to be performed, and is also used to view various information of the EFI system. It should be installed such that the handheld controller can be easily used in the passenger compartment. The handheld plugs directly into the main harness at either connector labeled **"CAN."** This connector is located approximately 11.8 inches from the ECU connector. The handheld does not have to remain in the vehicle or utilized after the vehicle is set up and running properly." (page 19) |
| **Figure 6**  (page 6) | **Figure**  (page 7) |

## V. THE INFRINGED PATENTS

16. On September 14, 2021, U.S. Patent No. 11,118,515 ("the '515 patent") titled "Electronic Fuel Injection Throttle Body Assembly" was duly and legally issued. The '515 patent is attached as **Exhibit A**.

17. On May 17, 2022, U.S. Patent No. 11,333,083 ("the '083 patent") titled "Electronic Fuel Injection Throttle Body Assembly" was duly and legally issued. The '083 patent is attached as **Exhibit B**.

18. On August 9, 2022, U.S. Patent No. 11,409,894 ("the '894 patent") titled "Fuel Injection Throttle Body" was duly and legally issued. The '894 patent is attached as **Exhibit C**.

19. On January 21, 2025, U.S. Patent No. 12,203,434 ("the '434 patent") titled "Fuel Injection Throttle Body" was duly and legally issued. The '434 patent is attached as **Exhibit D**.

20. The '515 patent, the '083 patent, the '894 patent and the '434 patent are collectively referred to herein as the "Patents-in-Suit".

21. Holley is the owner of all right, title, and interest in the Patents-in-Suit, including the right to sue and recover for past infringement.

## VI. DEFENDANT'S ACTIONS

22. Prior to this lawsuit, Aces had knowledge of the Patents-in-Suit and Holley's allegations of infringement.

23. Aces is well-aware of Holley, its business, its manuals, and its products.

24. Aces has not obtained authorization from Holley.

25. Aces has been and continues to make and/or sell EFI systems that infringe patents owned by Holley. Upon information and belief, these EFI systems include but are not limited to, the Killshot Fusion EFI System and the Deuces Wild 2-bbl EFI system. Representative images of Aces' EFI systems are shown below:




26. Aces' EFI systems are sold online on at least Aces' website[1] under the "Products" webpage. Upon information and belief, Aces EFI systems are also sold by CJ Pony Parts, McGEE Racing, and/or Racecar Engineering.

27. Aces' EFI systems were introduced and designed to unfairly compete with the Holley EFI systems in the marketplace.

28. Aces' activities constitute infringement of the Patents-in-Suit.

29. Aces' activities have infringed, induced others to infringe, and/or contributorily infringed the Patents-in-Suit.

30. Further, Aces has known of the existence of the Patents-in-Suit and its infringement. Accordingly, Aces' acts of infringement have been willful and in disregard for Holley's rights in the Patents-in-Suit, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

31. Holley has suffered damages as a result of the infringing activities of Aces and will continue to suffer such damages as long as those infringing activities continue.

## VII. COUNT I – INFRINGEMENT OF U.S. PATENT NO. 11,118,515

32. Holley realleges the preceding paragraphs as though set forth fully herein.

33. Aces has been infringing the '515 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, its EFI systems, such as, *e.g.*, Aces Killshot Fusion EFI System.

34. By way of example, Aces' EFI systems infringe at least claim 9 of the '515 patent, which states:

> 9. A throttle body assembly, comprising:

---

[1] https://acesefi.com/

a throttle body having an upper inlet and a lower outlet configured to mount to an internal combustion engine;

at least one bore extending through said throttle body, wherein the at least one bore defines said upper inlet and said lower outlet of said throttle body assembly;

a fuel component cover located on a first side of said throttle body and an electronic control unit cover mounted over an electronic control unit, said electronic control unit and said electronic control unit cover located on a second side of said throttle body, wherein said first side is about 90 degrees from said second side;

at least one fuel injector disposed at least partially within said throttle body, wherein said at least one fuel injector is parallel to a mounting base of said throttle body and said electronic control unit is in electrical communication with said at least one fuel injector;

at least one connecting fuel passage extending from a fuel inlet passage, comprising a cross-channel passageway and a vertical passageway at least partially disposed within said fuel component cover, wherein said vertical passageway is in fluid communication with said at least one fuel injector and a second fuel injector, both of said at least one fuel injector and said second fuel injector providing fuel to said at least one bore, and wherein said vertical passageway is capable of feeding the second fuel injector which is capable of being positioned at least partially within said throttle body; and

said at least one fuel injector directing fuel into at least one fuel distribution ring, said at least one fuel distribution ring having a plurality of fuel apertures directing fuel into said at least one bore of said throttle body.

35. An exemplary claim chart illustrating how Aces' EFI systems infringe claim 9 of the '515 patent is attached as **Exhibit E**.

36. Aces' activities also constitute infringement of other claims of the '515 patent.

37. Aces has actual knowledge of the '515 patent and its infringement thereof, thus, its continued infringement is willful.

38. Aces does not have a license to practice the technology claimed by the '515 Patent. Aces does not have any other authority to practice the technology claimed by the '515 Patent.

39. As a result of Aces' infringement of the '515 Patent, Holley has suffered, and will continue to suffer, damages including lost sales, irreparable damage, and monetary damages.

11
Case 1:26-cv-00059    Document 1    Filed 03/06/26    Page 11 of 18    PageID #: 11

## VIII. COUNT II – INFRINGEMENT OF U.S. PATENT NO. 11,333,083

40. Holley realleges the preceding paragraphs as though set forth fully herein.

41. Aces has been infringing the '083 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, its EFI systems, such as, *e.g.*, Aces Killshot Fusion EFI System.

42. By way of example, Aces' EFI systems infringe at least claim 1 of the '083 patent, which states:

> 1. A throttle body assembly, comprising:
> a throttle body having an upper inlet and a lower outlet configured to mount to an internal combustion engine;
> four bores each extending through said throttle body, wherein each of said four bores comprises said upper inlet and said lower outlet of said throttle body assembly;
> a first fuel component cover located on a first side of said throttle body and associated with a first and second bores of said four bores
> a second fuel component cover located on a second opposite side of said throttle body and associated with a third and fourth bores of said four bores;
> a first fuel injector disposed at least partially within said throttle body corresponding to each of said four bores, wherein said first fuel injector extends horizontally into said throttle body;
> at least one connecting fuel passage extending from a fuel inlet passage, comprising a cross-channel passageway and a vertical passageway at least partially disposed within each of said first fuel component cover and said second fuel component cover, wherein said vertical passageway is in fluid communication with said first fuel injector in fluid communication with each bore of said four bores corresponding to said first fuel component cover and said second fuel component cover;
> said first fuel injector receiving fuel from said first fuel component cover or said second fuel component cover and directing fuel into a fuel distribution ring corresponding to each of four bores, each said fuel distribution ring having a plurality of fuel apertures directing fuel into one corresponding bore of said four bores of said throttle body; and,
> a throttle shaft extending though the throttle body and one pair of said four bores, wherein said throttle shaft is perpendicular to a horizontal direction between a first end and a second end of each of said first fuel injectors, respectively.

43. An exemplary claim chart illustrating how Aces' EFI systems infringe claim 1 of the '083 patent is attached as **Exhibit F**.

44. Aces' activities also constitute infringement of other claims of the '083 patent.

45. Aces has actual knowledge of the '083 patent and its infringement thereof, thus, its continued infringement is willful.

46. Aces does not have a license to practice the technology claimed by the '083 Patent. Aces does not have any other authority to practice the technology claimed by the '083 Patent.

47. As a result of Aces' infringement of the '083 Patent, Holley has suffered, and will continue to suffer, damages including lost sales, irreparable damage, and monetary damages.

## IX.  COUNT III – INFRINGEMENT OF U.S. PATENT NO. 11,409,894

48. Holley realleges the preceding paragraphs as though set forth fully herein.

49. Aces has been infringing the '894 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, its EFI systems, such as, *e.g.*, Aces Killshot Fusion EFI System and the Deuces Wild 2-bbl EFI system.

50. By way of example, Aces' EFI systems infringe at least claim 1 of the '894 patent, which states:

> 1. A fuel injection throttle body for an internal combustion engine, comprising:
> an air intake extending through said fuel injection throttle body;
> a fuel port in said fuel injection throttle body;
> an electronic fuel injector disposed in said fuel injection throttle body, said electronic fuel injector in fluid communication with a fuel supply and with said fuel port;
> a fuel channel disposed about an inner wall of said air intake;
> said fuel channel formed by one or both of an annular ring and said inner wall of said air intake, said annular ring disposed within said air intake and along said inner wall of said air intake;
> a plurality of orifices disposed in said annular ring and in fluid communication with said fuel channel;
> wherein pressurized fuel is forced through said fuel port, through said fuel channel, and through said plurality of orifices in order to mix with air moving through said air intake;

a throttle shaft and throttle plate disposed within said air intake for rotation therein to vary an air flow moving through the air intake; and,
an electronic control unit to control fuel flow from said electronic fuel injector.

51. Exemplary claim charts illustrating how Aces' EFI systems infringe claim 1 of the '894 patent are attached as **Exhibit G and Exhibit H**.

52. Aces' activities also constitute infringement of other claims of the '894 patent.

53. Aces has actual knowledge of the '894 patent and its infringement thereof, thus, its continued infringement is willful.

54. Aces does not have a license to practice the technology claimed by the '894 Patent. Aces does not have any other authority to practice the technology claimed by the '894 Patent.

55. As a result of Aces' infringement of the '894 Patent, Holley has suffered, and will continue to suffer, damages including lost sales, irreparable damage, and monetary damages.

## X. COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 12,203,434

56. Holley realleges the preceding paragraphs as though set forth fully herein.

57. Aces has been infringing the '434 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, its EFI systems, such as, *e.g.*, Aces Killshot Fusion EFI System and the Deuces Wild 2-bbl EFI system.

58. By way of example, Aces' EFI systems infringe at least claim 1 of the '434 patent, which states:

> 1. A fuel injection throttle body for a non-carbureted internal combustion engine, comprising:
> an air intake extending through said fuel injection throttle body in a vertical orientation;
> said air intake capable of allowing an airflow to move from an upper end to a lower end of said air intake;
> a fuel port in said fuel injection throttle body and capable of receiving fuel from an electronic fuel injector;

a fuel channel in fluid communication with said fuel port to receive said fuel;
a plurality of orifices disposed annularly about said air intake allowing said fuel to pass from said fuel channel into said air intake;
a throttle plate disposed in said air intake and rotatable on a shaft, said throttle plate movable to vary the airflow moving through the air intake; and,
an electronic controller which controls said electronic fuel injector.

59. Exemplary claim charts illustrating how Aces' EFI systems infringe claim 1 of the '434 patent are attached as **Exhibit I and Exhibit J**.

60. Aces' activities also constitute infringement of other claims of the '434 patent.

61. Aces has actual knowledge of the '434 patent and its infringement thereof, thus, its continued infringement is willful.

62. Aces does not have a license to practice the technology claimed by the '434 Patent. Aces does not have any other authority to practice the technology claimed by the '434 Patent.

63. As a result of Aces' infringement of the '434 Patent, Holley has suffered, and will continue to suffer, damages including lost sales, irreparable damage, and monetary damage.

### XI. COUNT IV – COPYRIGHT INFRINGEMENT

64. Holley realleges the preceding paragraphs as though set forth fully herein.

65. The Holley Manual is an original work of authorship fixed in a tangible medium of expression and is protected under the Copyright Act, 17 U.S.C. § 101; to which Holley is the exclusive owner of rights.

66. Holley validly owns a valid copyright registration for the Holley Manual: U.S. Copyright Registration No. TX 9-500-485 as well as other copyright registrations

67. Without authorization, Aces created, reproduced, distributed, and/or publicly displayed the Infringing Manual; which is substantially similar to the Holley Manual and copies protected expressive content including its organization, structure, technical descriptions, instructions, diagrams, and other expressive elements.

68. Aces' acts of copying, reproducing, distributing, and/or displaying the Infringing Manual and other materials substantially similar to Holley's copyright registrations constitute infringement including infringement of Holley's copyrights in the Holley Manual in violation of the Copyright Act, 17 U.S.C. § 106.

69. Upon information and belief, Aces' acts have been willful, intentional, and in disregard to Holley's rights.

70. As a direct and proximate result of Aces' acts, Holley has suffered, and will continue to suffer, damages and is entitled to actual damages and disgorgement of Aces' profits attributable to the infringement pursuant to 17 U.S.C. § 504.

## XII. DEMAND FOR RELIEF

In accordance with the foregoing, Plaintiff respectfully demands that this Court enter judgment:

A. Declaring that Aces has infringed the claims of the '515 patent and that such infringement has been and continues to be willful;

B. Declaring that Aces has infringed the claims of the '083 patent and that such infringement has been and continues to be willful;

C. Declaring that Aces has infringed the claims of the '894 patent and that such infringement has been and continues to be willful;

D. Declaring that Aces has infringed the claims of the '434 patent and that such infringement has been and continues to be willful;

E. Awarding Plaintiff its damages, together with prejudgment interest and costs, and increasing those damages to three times the amount found or assessed as provided by 35 U.S.C. § 284;

F. Permanently enjoining Aces, and its respective officers, agents, servants, employees, attorneys, and all person in active concert or participation with any of them directly or indirectly, from making, using, importing, offering for sale, and/or selling within the United States, the Infringing Products and any products that infringe the Patents-in-Suit prior to expiration of those patents, including any extensions;

G. Declaring that Aces' creation of an unauthorized copy, unauthorized duplication, public display, and/or distribution of materials with its products including the Infringing Manual, infringes Plaintiff's copyrights in violation of 17 U.S.C. § 501;

H. Granting a permanent injunction prohibiting Aces from further infringement of Plaintiff's copyright, including further airing of, or making available to the public, the Infringing Manual;

I. Awarding Plaintiff the actual damages suffered and Aces' profits attributable to the copyright infringement;

J. Declaring this an exceptional case within the meaning of 35 U.S.C. § 285 and/or 17 U.S.C. § 505, and awarding Plaintiff its reasonable attorneys' fees and costs and disbursements in this action; and

K. Granting to Plaintiff such other and further relief as this Court deems reasonable.

### XIII. DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury of any and all issues triable of right by a jury in the above-captioned action.

| | |
|---|---|
| DATED:  This 6th day of March, 2026. | By: /s/ Jessica Malloy-Thorpe<br>Jessica Malloy-Thorpe, BPR No. 035234<br>MILLER & MARTIN PLLC<br>Suite 1200, Volunteer Building<br>832 Georgia Avenue<br>Chattanooga, TN 37402<br>Telephone: (423) 756-6600<br>Facsimile: (423) 785-8480<br>jessica.malloy-thorpe@millermartin.com<br><br>Marc Lorelli*<br>John P. Rondini*<br>Yasmeen Moradshahi*<br>BROOKS KUSHMAN P.C.<br>150 W. Second St., Suite 400N<br>Royal Oak, Michigan 48067-3846<br>Tel (248) 358-4400 \| Fax (248) 358-3351<br>mlorelli@brookskushman.com<br>jrondini@brookskushman.com<br>ymoradshahi@brookskushman.com<br>*_pro hac vice_ application forthcoming<br><br>_Attorneys for Plaintiff_ |